127 F.3d 1104
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mercedes EGUIZABAL, Plaintiff-Appellant,
v.
UNIVERSITY of Washington, Defendant,
and
Richard MCCORMICK, individually and as President of the
University; Eric Godfrey, individually and as Chair,
University Disciplinary Committee; Dale Johnson,
individually and as Acting Dean of the Graduate School;
Ernest Morris, individually and as Vice-President;
Approximately 73 University Officials As Yet Unidentified,
individually and in their official capacities, Defendants-Appellees.
 No. 96-36311.
 United States Court of Appeals, Ninth Circuit.
 Submitted October 20, 1997.***
Decided October 24, 1997.
 
 Appeal from the United States District Court for the Western District of Washington JOHN L. WEINBERG, Magistrate Judge, Presiding**
 Before THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mercedes I. Eguizabal appeals pro se the district court's judgments in favor of defendants in her action under 42 U.S.C. § 1983 alleging that the University of Washington ("University") and its officials violated her civil rights in dismissing her from the University. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 Eguizabal's contention that the district court erred by granting defendants' cross motion for summary judgment lacks merit. After de novo review of the record, see Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994), we conclude that Eguizabal failed to show a genuine dispute existed as to whether she had been denied procedural due process. See Board of Curators of the U. of Mo. v. Horowitz, 435 U.S. 78, 85 (1978). The University's Student Code of Conduct provided Eguizabal with advance notice that the sanction for providing inaccurate documents to the university could include dismissal. Moreover, the University's action was not arbitrary or capricious in light of Eguizabal's admission that she had forged the signature on her "official" transcript in order to make that document appear more credible. See Regents of U. of Mich. v. Ewing, 474 U.S. 214, 225 (1985). Nor did Eguizabal show a genuine dispute of material fact existed as to her claims of misrepresentation and conspiracy. Accordingly, the district court did not err by granting defendants' motion for summary judgment and denying Eguizabal's motion for summary judgment.
 
 
 4
 Eguizabal's contention that the district court erred by granting defendants' motion for summary judgment because defendants failed to answer interrogatories lacks merit because Eguizabal herself authorized by letter a stay of indefinite duration of defendants' obligation to respond. Accordingly, the district court did not err by granting defendants' motion for summary judgment. See Jesinger, 24 F.3d at 1130.
 
 
 5
 The district court did not err by dismissing Eguizabal's claims against defendant University under the doctrine of sovereign immunity, because, as an arm of the state, the University of Washington was immune from suit. See Regents of the U. of Cal. v. Doe, 117 S.Ct. 900, 904 (1997).
 
 
 6
 Finally, Eguizabal's contention that the district court erred by denying her motion for default judgment pursuant to Fed.R.Civ.P. 55 lacks merit because the defendants had not "failed to plead or otherwise defend." See Fed.R.Civ.P. 55.
 
 AFFIRMED.[1]
 
 
 **
 * The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 On September 30, 1996, Judge John C. Coughenour referred this case to the Magistrate Judge with the consent of all parties
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Appellees' request for attorney's fees and costs are denied without prejudice to filing a motion pursuant to Fed. R.App. P. 39; 9th Cir. R. 39-1